# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Keith Tesky, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Bone & Joint Clinic, S.C.,<br><br>    Defendant. | Case No. 3:23-cv-00184 |
| Mark Tessmer, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Bone & Joint Clinic, S.C.,<br><br>    Defendant. | Case No. 3:23-cv-00187 |
| Kenneth Ollerman, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Bone & Joint Clinic, S.C.,<br><br>    Defendant. | Case No. 3:23-cv-00189 |

### JOINT MOTION FOR CONSOLIDATION OF
### RELATED ACTIONS AND MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Keith Tesky, Mark Tessmer, and Kenneth Ollerman ("Plaintiffs") respectfully and jointly move to consolidate the three putative class actions (the "Bone & Joint Actions") each filed on the 23rd day of March, 2023, and each now pending before this Court against Defendant Bone & Joint, S.C. ("Defendant"). These three pending matters have all been brought on behalf of individuals who have brought claims against Defendant for allowing the disclosure of their personally identifiable information (PII) and protected health information (PHI), including but not limited to their names, dates of birth, addresses phone numbers, Social Security numbers, health insurance information, and diagnosis and treatment information, in order to ensure efficient and streamlined litigation while also avoiding unnecessary cost for all parties, and to adjourn all currently pending deadlines, thus allowing Defendant to file a single responsive pleading after Plaintiffs' counsel file a Consolidated Complaint, and an appropriate responsive pleading schedule is established.  The pending related actions to be consolidated are:

- *Keith Tesky v. Bone & Joint Clinic, S.C.*, Case No. 3:23-cv-00184

- *Mark Tessmer v. Bone & Joint Clinic, S.C.*, Case No. 3:23-cv-00187

- *Kenneth Ollerman v. Bone & Joint Clinic, S.C.*, Case No. 3:23-cv-00189

Under Federal Rule of Civil Procedure 42(a), "a court may consolidate [multiple] actions if they involve a common question of law or fact." *One Wisconsin Inst., Inc. v. Thomsen*, No. 11-CV-1128-JDP, 2020 WL 4887026, at *1 (WD Wis. Aug. 20, 2020).  In

applying Rule 42(a), courts typically balance judicial economy concerns with any countervailing considerations of equity." *Id.* (citing *Emerson v. Sentry Life Ins. Co.*, No. 18-cv-254-jdp, 2018 WL 4380988, at *2 (WD Wis. Sept. 14, 2018).

Consolidation is a case management tool and "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

> In exercising its discretion, the District Court should consider:
>
> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)).

Here, all three of the related actions are pending before United States District Judge James D. Peterson and Magistrate Judge Stephen L. Crocker, such that consolidation falls soundly within this Court's discretion. Because the Bone & Joint Actions involve "common question[s] of law [and] fact," this commonality warrants consolidation of the actions "to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Specifically, each case asserts multiple common causes of action against the same Defendant, relating to the same

factual underpinnings and seeking the same relief in response to the same event, *i.e.*, the data incident described in Defendant's Notice of Security Incident. Moreover, each case commonly seeks certification of an overlapping nationwide class and alleges that Class Members suffered harm as a result of Defendant's failure to adequately protect Plaintiffs' and Class Members' PII. Consolidation is further supported by the fact that Defendant's anticipated defenses will share many common questions of law and fact.

The Court should also order the consolidation of all subsequently filed actions involving common questions of law and fact to facilitate efficient prosecution of this data breach litigation. Consolidation will streamline and simplify discovery, pretrial motions (including a motion to dismiss and class certification), administrative management, and generally prevent waste, confusion, or delay that would inevitably arise from separate prosecution of the Bone & Joint Actions. In short, consolidating the Bone & Joint Actions is the most appropriate and sensible course of action.

For these reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Joint Motion to Consolidate the related Bone & Joint Actions and adjourn all pending deadlines until the Court rules on Plaintiff's joint motion for consolidation. Plaintiffs respectfully request to have thirty (30) days from the later of this Court's ruling on the Joint Motion to file a consolidated amended complaint.

Dated: April 4, 2023                              Respectfully submitted,


**MASON LLP**

*/s/ Lisa A. White*
Lisa A. White (admitted, WD of Wisconsin)
Gary E. Mason*
Danielle L. Perry*
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
lwhite@masonllp.com
gmason@masonllp.com
dperry@masonllp.com

*Counsel for Keith Tesky and the Putative Class*

*/s/ Jesse Fruchter*
John D. Blythin (SBN 1046105)
Jesse Fruchter (SBN 1097673)
**ADEMI LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Telephone: (414) 482-8000
Fax: (414) 482-8001
jblythin@ademilaw.com
jfruchter@ademilaw.com

**GOLOMB SPIRT GRUNFELD, P.C.**
Kenneth J. Grunfeld, Esq.*
Kevin W. Fay, Esq.*
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 985-9177
kgrunfeld@golomblegal.com
kfay@golomblegal.com

*Counsel Mark Tessmer and the Putative Class*

<div style="text-align: right">

<u>/s/ Samuel J. Strauss</u>
Samuel J. Strauss (Bar No. 1113942)
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com
sam@turkestrauss.com

</div>

*Counsel for Kenneth Ollerman and the Putative Class*

*\*Pro hac vice or admission applications forthcoming*

6