UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Keith Tesky, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br> v.<br><br>Bone & Joint Clinic, S.C.,<br><br>  Defendant. | Case No. 3:23-cv-00184 |
| Mark Tessmer, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br> v.<br><br>Bone & Joint Clinic, S.C.,<br><br>  Defendant. | Case No. 3:23-cv-00187 |
| Kenneth Ollerman, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br> v.<br><br>Bone & Joint Clinic, S.C.,<br><br>  Defendant. | Case No. 3:23-cv-00189 |

**PLAINTIFFS' UNOPPOSED SECOND MOTION FOR CONSOLIDATION AND MEMORANDUM OF LAW**

1

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Keith Tesky, Mark Tessmer, and Kenneth Ollerman ("Plaintiffs") respectfully and jointly renew their motion to consolidate the three putative class actions (the "Bone & Joint Actions") each filed on the 23rd day of March 2023, and each now pending before this Court against Defendant Bone & Joint, S.C. ("Defendant"). Prior to renewing their motion to consolidate, Plaintiffs conferred with counsel for the Defendant, which does not oppose consolidation, Plaintiffs filing a consolidated complaint, or the proposed scheduling provisions as proposed below.

The three pending matters captioned above were all brought on behalf of individuals who have brought claims against Defendant for allowing the disclosure of their personally identifiable information (PII) and protected health information (PHI), including but not limited to their names, dates of birth, addresses phone numbers, Social Security numbers, health insurance information, and diagnosis and treatment information. Consolidation will ensure efficient and streamlined litigation while also avoiding unnecessary duplicative costs for all parties.

Plaintiffs move the Court to adjourn all currently pending deadlines, and to allow Plaintiffs to file a consolidated amended complaint within thirty days of the order of consolidation. Plaintiffs further propose that the Court allow Defendant to file a single responsive pleading thirty days after the consolidated amended complaint is filed and to establish an appropriate responsive pleading schedule.

The pending related actions to be consolidated are:

- *Keith Tesky v. Bone & Joint Clinic, S.C.*, Case No. 3:23-cv-00184
- *Mark Tessmer v. Bone & Joint Clinic, S.C.*, Case No. 3:23-cv-00187
- *Kenneth Ollerman v. Bone & Joint Clinic, S.C.*, Case No. 3:23-cv-00189

**MEMORANDUM OF LAW**

Under Federal Rule of Civil Procedure 42(a), "a court may consolidate [multiple] actions if they involve a common question of law or fact." O*ne Wisconsin Inst., Inc. v. Thomsen*, No. 11-CV-1128-JDP, 2020 WL 4887026, at *1 (WD Wis. Aug. 20, 2020). In applying Rule 42(a), courts typically balance judicial economy concerns with any countervailing considerations of equity." *Id.* (citing *Emerson v. Sentry Life Ins. Co.*, No. 18-cv-254-jdp, 2018 WL 4380988, at *2 (WD Wis. Sept. 14, 2018).

Consolidation is a case management tool and "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

In exercising its discretion, the District Court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)).

Here, all three of the related actions are pending before United States District Judge James D. Peterson and Magistrate Judge Stephen L. Crocker, such that consolidation falls soundly within this Court's discretion. Because the Bone & Joint Actions involve "common question[s] of law [and] fact," this commonality warrants consolidation of the actions "to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Specifically, each case asserts multiple common causes of action against the same Defendant, relating to the same factual underpinnings and seeking the same relief

3

in response to the same event, *i.e.*, the data incident described in Defendant's Notice of Security Incident. Moreover, each case commonly seeks certification of an overlapping nationwide class and alleges that Class Members suffered harm as a result of Defendant's failure to adequately protect Plaintiffs' and Class Members' PII. Consolidation is further supported by the fact that Defendant's anticipated defenses will share many common questions of law and fact.

Consolidation will streamline and simplify discovery, pretrial motions (including a motion to dismiss and class certification), administrative management, and generally prevent waste, confusion, or delay that would inevitably arise from separate prosecution of the Bone & Joint Actions. In short, consolidating the Bone & Joint Actions is the most appropriate and sensible course of action.

For these reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Unopposed Second Joint Motion to Consolidate the related Bone & Joint Actions and adjourn all pending deadlines until the Court rules on Plaintiffs' joint motion for consolidation. Plaintiffs respectfully request to have thirty (30) days from the later of this Court's ruling on the Joint Motion to file a consolidated amended complaint.

Dated: April 12, 2023                    Respectfully submitted,

                                         */s/ Lisa A. White*
                                         Lisa A. White (admitted, WD of Wisconsin)
                                         Gary E. Mason*
                                         Danielle L. Perry*
                                         **MASON LLP**
                                         5335 Wisconsin Avenue, NW, Suite 640
                                         Washington, DC 20015
                                         Telephone: (202) 429-2290
                                         lwhite@masonllp.com
                                         gmason@masonllp.com
                                         dperry@masonllp.com

4

*Counsel for Keith Tesky and the Putative Class*

*/s/ Jesse Fruchter*
Jesse Fruchter (SBN 1097673)
John D. Blythin (SBN 1046105)
**ADEMI LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Telephone: (414) 482-8000
jblythin@ademilaw.com
jfruchter@ademilaw.com

Kenneth J. Grunfeld*
Kevin W. Fay*
**GOLOMB SPIRT GRUNFELD, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 985-9177
kgrunfeld@golomblegal.com
kfay@golomblegal.com

*Counsel Mark Tessmer and the Putative Class*

*/s/ Samuel J. Strauss*
Samuel J. Strauss (Bar No. 1113942)
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
raina@turkestrauss.com
sam@turkestrauss.com

*Counsel for Kenneth Ollerman and the Putative Class*

*\*Pro hac vice or admission applications forthcoming*

5