IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEITH TESKY, MARK TESSMER, KENNETH OLLERMAN, CHRISTOPHER VANGOETHEM, and KAL TESKY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BONE & JOINT CLINIC, S.C.,<br><br>Defendant. | Case No 3:23-cv-00184 - Consolidated<br><br>Judge James D. Peterson |

## FINAL APPROVAL ORDER

**WHEREAS,** Plaintiffs Keith Tesky, Mark Tessmer, Kenneth Ollerman, Christopher Vangoethem, and Kal Tesky, (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated (the "Settlement Class," each a "Settlement Class Member"), moved this Court for an Order granting Final Approval of Class Action Settlement, and Defendant Bone & Joint Clinic, SC ("Bone & Joint" or "Defendant") appeared at the Final Approval Hearing before this Court on January 7, 2026;

**WHEREAS,** this Court granted preliminary approval of the parties' settlement agreement (the "Settlement Agreement"; memorializing the "Settlement") in the above-captioned action ("Action") on July 3, 2025 ("Preliminary Approval Order");

**WHEREAS,** notice to the Settlement Class Members was sent in accordance with the Preliminary Approval Order, providing an opportunity for Settlement Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** zero Settlement Class Members submitted objections and seven Settlement Class Members opted-out;

**NOW,** upon the reading of the Settlement Agreement and annexed exhibits and memorandum of law in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Incentive Awards, after hearing counsel for all of the parties at the Final Approval Hearing, and after due deliberation having been held thereon, the Court grants final approval of the Settlement Agreement and Settlement and for Attorneys' Fees, Costs, and Incentive Awards, and hereby finds and orders for purposes of settlement only:

1.      Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court certifies the following Settlement Class for settlement purposes only:

> All current and former patients and employees of Bone & Joint residing in the United States whose Private Information was potentially impacted by the Data Incident and were sent notice of the Data Incident

Excluded from the Settlement Class are all persons who are: (1) the judge presiding over this Action, and members of his direct family; (2) Bone & Joint, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4.      The Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

5.    The Settlement Class Members have been given proper and adequate notice of the Settlement, Final Approval Hearing, and Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

6.    An affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court. The Notice Program, as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order, constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members.

7.    The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions.

8.    The Court appoints Plaintiffs Keith Tesky, Mark Tessmer, Kenneth Ollerman, Christopher Vangoethem, and Kal Tesky as the Class Representatives and finds them to be adequate.

9.    The Court appoints Raina Borrelli, Danielle L. Perry, and Ken Grunfeld as Class Counsel and finds each of them to be adequate, experienced, and well-versed in class action litigation, including data breach litigation.

10.    In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of $141,545.08 and reimbursement of litigation expenses in the amount of $12,809.76, to be paid as specified in the Settlement Agreement.

11.    In accordance with the Settlement Agreement, Class Representatives are hereby awarded $2,000.00 each, for a total of $10,000.00, to be paid as specified in the Settlement Agreement.

12.    Upon the Effective Date, the Action shall be and is dismissed without prejudice in its entirety as to Defendant, with each party to bear its/his/her own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

13.    Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims against the Released Parties as set forth in the Settlement Agreement, which includes a complete and final release by the Settlement Class, and each member thereof, of the following:

> Any and all known and unknown claims, demands, actions or causes of action the Class members has, had, or may ever have, now or in the future, arising out of, directly or indirectly resulting from, involving, or related to the ransomware attack that occurred on or about January 16, 2023, including any claims, demands, actions or causes of action, arising out of, directly or indirectly resulting from, or involving the facts, circumstances and situations alleged in the Consolidated Class Action Complaint whether alleged or which could have been alleged under any federal, state, or local statute, regulation, or common law, including any such claims related to data security policies and practices, whether or not such claims, demands, actions, or causes of action have been pleaded or otherwise asserted

The Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Persons or prosecuting any claim based on any actions taken by any of the Released Persons that are authorized or required by this Settlement or by the Final Approval Order. It is further agreed that the Settlement and/or this Final Approval Order may be pleaded as a complete defense to any proceeding subject to this section.

14.    As of the final date of the Opt-Out Period, seven Settlement Class Members have submitted a valid request to be excluded from the Settlement. Those persons, listed in the Exclusion Report as Attachment 7 to the Azari Declaration, Dkt. 46, are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

4

15. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

16. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim, or wrongdoing in this Action or any other proceeding.

17. In the event that the Settlement Agreement does not become effective in a manner consistent with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. The Court hereby finds that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

19. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however*, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order in a proceeding to consummate or enforce the Settlement or this Final Approval Order (including all releases in the Settlement

Agreement and Final Approval Order), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

20.     The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order.

21.     The Court hereby retains jurisdiction over (a) implementation of the Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement and this Judgment.

IT IS SO ORDERED this _10TH_ day of _MARCH_, 2026.

BY THE COURT:

JAMES D. PETERSON
District Judge